## PARKER v. BRADFORD.

1. **Bankruptcy:** EFFECT OF DISCHARGE: BREACH OF WARRANTY. Where there was a prior incumbrance upon real estate sold with covenants of warranty, and the grantor agreed to discharge the same, but before doing so was adjudged bankrupt, and received his discharge in bankrupty, *held*,

    1.  That the grantee could have proved up in bankruptcy the amount of the incumbrance, and received thereon a distributive share of the assets of the estate.
    2.  That he could not afterwards recover the amount thereof from the grantor, the discharge of the latter releasing him from further liability upon his covenants.

*Appeal from Linn Circuit Court.*

SATURDAY, DECEMBER 16.

THE plaintiff alleges that on the 30th day of June, 1871, he purchased from defendant certain real estate for the consideration of $2,300, and that defendant executed and delivered to plaintiff a general warranty deed for the premises, and covenants that they were free from incumbrance; that there was a mortgage on the premises in favor of Ida Bradford, given on the 31st day of December, 1870, for $1,090, with interest at ten per cent; that the mortgage was foreclosed at the September Term, 1873, of the Circuit Court of Jones county; that on the 28th day of November, 1873, the said

premises were duly sold on execution issued upon said judgment for $1,436.30 and costs, and have not been redeemed from any part of said judgment, to the damage of plaintiff in the sum of $1,467.47.

The answer admits the material allegations of the petition, and alleges that at the time of the execution of the deed plaintiff knew of the mortgage, and required of defendant a written agreement that he would pay off the same, which agreement is as follows: "I, E. R. Bradford, hereby agree and bind myself to pay off and satisfy a certain mortgage executed by me to one Ida Bradford, December 31st, 1870, on the property known as the Kendall Parker brick building, in Anamosa, Jones county, Iowa, said mortgage being for $1,090, at ten per cent;" that on the 26th day of April, 1873, the United States District Court for the district of Iowa duly made a decree discharging defendant from all his debts which existed on the 24th day of January, 1872; that the indebtedness alleged in plaintiff's petition existed before the granting of such discharge, was provable against the estate of defendant, and was listed in his schedule of indebtedness against his estate, of all of which plaintiff had notice.

The cause was submitted upon the following agreed statement of facts: "Bradford sold to plaintiff the undivided property named in the mortgage foreclosed, and gave therefor a warranty deed, and at the same time gave Parker a writing that he would pay off the mortgage and note. Afterwards Bradford was put into involuntary bankruptcy and got his discharge. In Bradford's schedules both the note and mortgage, and also the warranty deed and contract of Bradford to Parker, were included. Now the only question is, ought Parker to have paid or proved up his claim, or could he wait until the property should be sold, and then come on the bankrupt after being discharged?"

The court rendered judgment for plaintiff for $1,658.90. The defendant appeals.

*Griffith & Knight*, for appellant.

*Keeler & Keeler*, for appellee.

DAY, J.—When the bankruptcy proceedings were insti-
tuted Ida Bradford held against defendant a claim for $1,090
and interest, secured by mortgage on the lands sold
to plaintiff. The mortgaged lands were of suffi-
cient value to satisfy the demand. Ida Bradford
had the right to pursue one of two courses: She might release
to the assignee her claim upon the mortgaged property and
prove up her debt against the estate of the bankrupt, or she
might retain her security and look to the land mortgaged for
the payment of her debt, and waive the right to prove it up
against the estate. Revised Statutes of the United States, sec-
tion 5075. In either event it would be almost certain that the
debt would be paid out of the mortgaged property, resulting
in an actual or constructive eviction of plaintiff, and a conse-
quent breach of the covenant of warranty. Indeed, the only
thing which could prevent such a result would be the very
improbable contingency of the creditor's permitting his claim
to become barred by the statute of limitations. It is certain,
then, that when bankruptcy proceedings were instituted the
plaintiff held a contingent claim against the bankrupt, for he
had his covenant of warranty, which it was not only proba-
ble, but almost certain, would be broken. · Section 5068 of
the Revised Statutes of the United States provides: "In all
cases of contingent debts and contingent liabilities contracted
by the bankrupt, and not herein otherwise provided for, the
creditor may make claim therefor and have his claim allowed,
with the right to share in the dividends, if the contingency
happens before the order for the final dividend; or he may,
at any time, apply to the court to have the present value of
the debt or liability ascertained and liquidated, which shall
then be done in such manner as the court shall order, and he
shall be allowed to prove for the amount so ascertained."

Ida Bradford did not transfer her mortgage to the assignee,
and thus she waived her right to prove up the debt against
the estate. That she had elected to look to the mortgaged
property for her debt must have been known before the final
dividend was declared. It was then apparent that one of three
things must happen: either the holder of the claim would per-

*Marginal note:* 1. BANKRUPT-
CY: effect of
discharge:
breach of
warranty.

mit it to become barred by the statute of limitations, and the mortgaged property thus to be discharged, or she would enforce the claim against the property, the plaintiff would pay it off, and thus have a demand against the bankrupt for the amount of the incumbrance, or upon foreclosure the property would be sold to Ida Bradford or a third party, the plaintiff would be actually evicted, and thus have a claim against the bankrupt's estate for the consideration money and interest, a much larger sum than the amount of the incumbrance.

If the plaintiff's claim had been presented for allowance the court would have been justified in leaving out of consideration the very improbable contingency that the Ida Bradford claim would be allowed to become barred by the statute of limitations, and the equally improbable contingency of the plaintiff's permitting his property to be sold for much less than its value, and then looking to the estate of a bankrupt for the consideration money and interest. The court would have been authorized to find that a contingency had happened which gave the plaintiff a claim against the bankrupt's estate to the extent of the incumbrance existing against the property conveyed to plaintiff. To that extent the claim was provable against the bankrupt's estate. Section 5119 of the Revised Statutes provides: "A discharge in bankruptcy duly granted shall, subject to the limitations imposed by the two preceding sections, release the bankrupt from all debts, claims, liabilities and demands which were or might have been proved against his estate in bankruptcy." The claim in question does not fall within the provisions of the preceding sections referred to.

The claim, as we have seen, might have been proved against the bankrupt's estate, and his discharge in bankruptcy released him from further liability thereon. The court erred in holding the defendant liable.

REVERSED.